**Michael Lee SAMMONS,
Plaintiff-Appellant,**

v.

**David Haines ROTROFF,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section, at Knoxville.

March 29, 1983.

Application for Permission to Appeal
Denied by Supreme Court
June 13, 1983.

Michael Lee Sammons, pro se.

George L. Foster, Chattanooga, for defendant-appellee.

CRAWFORD, Judge.

This is a *pro se* appeal by plaintiff Michael Lee Sammons from a summary judgment dismissing with prejudice his malpractice action against defendant-attorney, David Haines Rotroff. Although he is not a lawyer, Sammons has represented himself from the inception of this professional malpractice action.

The briefs inform us that Sammons was indicted on four counts of kidnapping his own daughter, and, being an indigent, Rotroff was appointed by the Hamilton County Criminal Court to represent him. Sammons was tried and convicted, but we cannot determine from the record the exact nature of the charge in each of the four counts, nor can we determine the precise disposition of the specific counts. He was sentenced to serve a prison term, and his convictions—with one exception—were affirmed by the Court of Criminal Appeals. Throughout these criminal proceedings he was represented by Rotroff, and this representation is the subject of this legal malpractice suit.

In his complaint, Sammons alleges that Rotroff was guilty of professional malpractice for the following reasons: (1) Rotroff improperly perfected or filed an interlocutory appeal to the Court of Criminal Appeals on the issue of double jeopardy. (Sammons had already been held in contempt of court for violating a custody order by kidnapping his own daughter. He contended that the criminal charges that grew out of these actions violated his constitutional right not to be placed twice in jeopardy for the same offense); (2) Rotroff failed to obtain a stay of the criminal trial pending the interlocutory appeal; (3) Rotroff failed to seek the trial judge's recusal after the judge stated that he believed Sammons had perjured himself when he claimed to be an indigent. (This allegation was later

withdrawn by Sammons' Amended Complaint); (4) Rotroff failed to file a motion in arrest of judgment during the appeal following his convictions; (5) Rotroff failed to file a motion for suspended sentence following his convictions.

No verbatim transcript or statement of evidence was made, and the record before us consists entirely of the pleadings, motions, orders and other documents filed with the clerk of the trial court. Plaintiff's effort to litigate his malpractice action has been marked by irregularities, and while we feel it unnecessary to catalog each irregularity we feel compelled to comment on the treatment his complaint has received thus far.

■ First, defendant failed to file an answer to plaintiff's complaint until March 15, 1982, although plaintiff's complaint was filed on December 28, 1981 (defendant was served on January 5, 1982), and defendant had only been granted one thirty-day extension. Thus, defendant was allowed 77 days to respond to plaintiff's complaint, while even with a thirty-day extension, under the rules he should have only been allowed 60 days to file an answer. Tenn.R. Civ.P. 12.01. Nevertheless, the plaintiff's *motion for judgment by default* which was filed on February 8, 1982, and followed by a motion to render a decision on March 9, 1982, was stricken on March 15, 1982, when defendant finally filed an answer.

Second, plaintiff filed interrogatories propounded to defendant pursuant to Tenn.R. Civ.P. 33 on January 8, 1982, but defendant Rotroff did not respond in any manner. On March 13, 1982, plaintiff filed a motion to compel answers to the interrogatories pursuant to Rule 37 in which he noted that the interrogatories should have been answered on February 20, 1982. On March 31, 1982, plaintiff filed a second set of Rule 33 interrogatories along with a motion to continue the hearing on his previously filed motion for summary judgment until defendant's answers to plaintiff's interrogatories had been submitted. Defendant did not respond to plaintiff's interrogatories until April 26, 1982, when he filed objections to them along with his own motion for summary judgment. That same day, the trial court entered an order that: (1) set June 14, 1982, as the date for the hearing of all motions; (2) allowed defendant not to answer the interrogatories or take any action with respect to them until after the hearing of his motion to strike plaintiff's interrogatories; (3) recited that interrogatories were filed by defendant directed solely to the issue of whether the suit filed by plaintiff was frivolous, and requiring plaintiff to answer the interrogatories within 30 days from the date of entry of the order; plaintiff was permitted to file interrogatories on the same issue allowing defendant 30 days to answer.

Plaintiff was entitled to propound interrogatories to the defendant after filing his complaint, and defendant had 45 days from January 5, 1982 (the date of service of summons and complaint), to answer or object to the interrogatories:

Interrogatories may, without leave of court be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party ... The party upon whom the interrogatories have been served shall serve a copy of the answer, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant.

Tenn.R.Civ.P. 33.01.

■ Defendant did not object or in any way respond to plaintiff's interrogatories until April 26, 1982, 111 days after service of the complaint and summons. Under Tenn.R.Civ.P. 37.04, the trial court could have granted plaintiff's motion for judgment by default for defendant's failure to timely answer or object to plaintiff's interrogatories. A less drastic measure would have been to have treated any objection to plaintiff's interrogatories to have been waived by the defendant. *See Dollar v. Long Manufacturing, N.C., Inc.,* 561 F.2d

613, 617 (5th Cir.1977) (applying Fed.R. Civ.P. 33 which is substantially the same as Tenn.R.Civ.P. 33).

Third, prior to the hearing on all motions set for June 14, 1982, plaintiff filed a motion for voluntary dismissal without prejudice on May 24, 1982. An order of nonsuit was entered by the court on June 7, 1982. The judge, by letter, informed the plaintiff that the case had been nonsuited and that all motions were moot since the case had been dismissed. Notwithstanding its order of nonsuit dated June 7, 1982, on June 21, 1982, an order designated as "Final Order" was entered as follows:

This cause came on to be heard before the Honorable Samuel H. Payne, Judge of Division II of the Hamilton County Circuit Court, on June 14, 1982, for the hearing of certain motions in this cause, all as more fully scheduled by the past order of this Court, together with the motion of the defendant to set aside the Order of Nonsuit entered herein under date of June 7, 1982, and it appearing to the Court that the plaintiff's prior motion for the entry of a nonsuit in this cause was conditioned upon the Court's ruling upon the motion for summary judgment filed in this cause by the defendant and that the Court's order of June 7, 1982, granting the plaintiff's motion for nonsuit should be set aside upon the grounds that the same cannot be properly entered so long as the defendant has outstanding a motion for summary judgment and the defendant will not voluntarily agree to the entry of a nonsuit by the plaintiff, the Court finds that the defendant's motion to set aside the order of nonsuit entered in this cause should be sustained and, thereafter, this matter coming on to be heard upon the motion for summary judgment filed in this cause by the defendant, David Haines Rotroff, and following review of the briefs filed with respect to said motion and argument of counsel, the Court made the following findings of fact:

1. The plaintiff failed and refused to answer interrogatories addressed to plaintiff with respect to the subject matter of said motion.

2. The plaintiff failed to file any counter affidavit with respect to the subject matter of said motion.

3. As a matter of law, the defendant's representation of the plaintiff in the criminal cases more fully referred to in the Complaint filed in this cause was in all things proper and in full and complete conformity with the duties imposed upon the defendant in conformity with the standards applicable thereto.

4. This suit is in all things frivilous [sic].

From all of which the Court is of the opinion that said motion for summary judgment should be sustained on all the grounds thereof, and it further appearing to the Court that with sustaining by the Court of the defendant's motion for summary judgment, the other motions set for hearing are moot. It is, accordingly, ORDER, ADJUDGED AND DECREED:

1. The defendant's motion to set aside the order of nonsuit entered in this cause under date of June 7, 1982, be and the same hereby is sustained, and the nonsuit heretofore entered in this cause be and the same hereby is set aside and for nothing held.

2. The motion for summary judgment filed in this cause by the defendant, David Haines Rotroff, be and the same hereby is sustained.

3. This suit be and the same hereby is dismissed with full prejudice.

4. The costs of this cause are adjudged against the plaintiff, Michael Lee Sammons, for which execution may issue if necessary.

\* \* \* \* \* \*

Plaintiff filed a motion for a new trial and notice of appeal on June 28, 1982. In addition, plaintiff filed for an extraordinary appeal to this court which was denied on July 6, 1982. This court noted in its order, however, that the plaintiff could pursue an appeal pursuant to Tenn.R.App.P. 3 or proceed by post-judgment motion in the trial court.

On July 16, 1982, plaintiff filed what is termed "Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment," but it reiterates basically the information contained in the complaint and previous pleadings filed by the plaintiff.

On July 16, 1982, the court entered its "Final Order" from which order plaintiff has appealed. This order, in effect, set aside the previous actions of the court and reiterated that its setting aside of the order of nonsuit was proper. In summary, the court granted a summary judgment to the defendant on all grounds stated in defendant's motion.

■ We are now to the point of considering the actual ruling of the court on defendant's motion for summary judgment. In reviewing a summary judgment, the court must view all pleadings and affidavits in the light most favorable to the opponent of the motion, and all legitimate conclusions of fact derived therefrom must be similarly construed. *Wyatt v. Winnebago Industries, Inc.,* 566 S.W.2d 276, 279 (Tenn.App.1977); see *Stone v. Hinds,* 541 S.W.2d 598, 600 (Tenn.App.1976).

The motion alleges as grounds for summary judgment that the suit is, as a matter of law, barred because:

(1) The complaint fails to allege that any of the actions of the defendant which are the subject matter of the Complaint would, if differently taken, have changed the outcome of the plaintiff's criminal trial whatsoever.

(2) All of the matters which are the subject matter of this suit lie within the discretion of the defendant in the exercise of his profession as an attorney and cannot form the basis for civil liability.

(3) The Complaint alleges no violation by the defendant of any recognized standard of conduct for attorneys.

(4) This suit is merely another in a series of frivolous lawsuits filed by the plaintiff without any legal justification whatsoever.

The affidavit filed with the motion is the affidavit of the defendant which in essence states that all the actions taken by the defendant with respect to the handling of the case were taken with due and commensurate skill as an attorney, and that the defendant did not allow any time period to expire which deprived plaintiff of any right to appeal his conviction or that deprived him of his double jeopardy defense. It is further stated in the affidavit that any alleged failure to act would not have changed the result of the plaintiff's conviction and that the action urged upon the defendant by plaintiff would have been frivolous and meritless. The brief filed by the defendant in support of his motion contends that the plaintiff's lawsuit is frivolous, that as a matter of law the plaintiff is unworthy of belief and that the case should be dismissed by the court as frivolous.

The plaintiff in his allegations against the defendant does not seem to contend that the actual conduct of the defense of the criminal trial by the defendant was negligently handled. His contention, for the most part, concerns defendant's post-judgment action, except, of course, for the allegation concerning the interlocutory appeal of defendant's double jeopardy claim. Insofar as the double jeopardy issue is concerned, the Court of Criminal Appeals of this state has decided that the plaintiff was not subjected to double jeopardy. Therefore, plaintiff could have suffered no damage as a result of defendant's failure to properly file an interlocutory appeal on this issue. This also would hold true for the allegation concerning the failure to obtain a stay of the criminal trial pending the interlocutory appeal.

Plaintiff has amended the complaint to eliminate the allegations concerning defendant's failure to seek the trial judge's recusal, so we need not consider that claim.

■ Plaintiff makes no contention that his indictment, presentment or information did not charge an offense or that the court that tried him was without jurisdiction of the offense charged. As we understand it, this is the office of a motion for arrest of judgment as provided in Tenn.R.Crim.P. 34.

Thus, summary judgment on this allegation was proper.

■■■■ Plaintiff alleged in his complaint that the defendant failed to file a motion for suspended sentence following the conviction, and, in essence, he alleged that this was in violation of his instructions and requests. We note that Tenn.R.Crim.P. 32(f)(1) provides that motions for suspended sentence are to be filed prior to appeals. The defendant, in his motion for summary judgment and supporting affidavit, has not addressed plaintiff's allegation that defendant failed to file a petition for suspended sentence. In a suit against an attorney for professional negligence, the plaintiff must prove three things in order to recover: (1) the employment of the attorney; (2) neglect by the attorney of a reasonable duty; (3) damages resulting from such neglect. *Maryland Casualty Co. v. Price,* 231 F. 397, 401 (4th Cir.1916); *Daugherty v. Runner,* 581 S.W.2d 12, 16 (Ky.App.1978); *see Herston v. Whitesell,* 348 So.2d 1054, 1057 (Ala. 1977). While we cannot speculate as to the proof that plaintiff might offer in support of his allegation regarding the suspended sentence, we feel that the complaint states a cause of action that has not been refuted by the defendant.

The record in this case indicates that the plaintiff, while acting *pro se* from the very beginning, attempted to obtain the benefit of the discovery procedures, perhaps not skillfully nor with legal expertise. Despite plaintiff's efforts, however, it is glaringly obvious from the record that the defendant did not object to the interrogatories propounded to him within the time allowed by Rule 33 and that he was never forced by the court to answer the interrogatories, the answers to which conceivably might have had some bearing on the hearing on the motion for summary judgment.

■■■■ The record reflects that the plaintiff has filed numerous suits, and defendant asserts that all of the lawsuits filed—including this one—are frivolous. This might very well be, but there is nothing in the record other than the sheer volume of suits filed by plaintiff to indicate the nature of any of the lawsuits or any other basis upon which a determination could be made that the other lawsuits were frivolous. At any rate, it does not necessarily follow that this lawsuit is frivolous merely because all other lawsuits filed by this plaintiff were frivolous. Sammons' complaint against Rotroff must stand or fall on its own merits.

We feel that defendant Rotroff was not entitled to judgment as a matter of law on the issue of the failure to apply for a suspended sentence, and that plaintiff's suit should not have been dismissed on motion for summary judgment as a matter of law as stated in the motion. As we have heretofore pointed out, we are not required to speculate as to how the plaintiff might proceed to prove his allegations of negligence and damages resulting therefrom, and we have our doubts that he will be able to present such proof. However, he should have the benefit of the discovery procedures, and the defendant should be required to answer properly propounded interrogatories. It is not inconceivable that after proper discovery, the posture of the case will be such that a summary judgment motion could be filed by one or the other of the parties for the reasons stated in Tenn.R. Civ.P. 56.

For the reasons heretofore stated, we reverse the action of the trial court insofar as it granted summary judgment to defendant on the suspended sentence issue, and remand this case for further proceedings consistent with this opinion. The action of the trial court granting summary judgment as to the other allegations is affirmed.

The costs of the appeal are adjudged against the defendant, David Haines Rotroff, for which execution may issue, if necessary.

NEARN, P.J., and HIGHERS, J., concur.