**Forrest R. JAMISON, et ux., Appellees,**

v.

**Jack NORMAN, Jr., et al., Appellants.**

Supreme Court of Tennessee,
at Nashville.

May 15, 1989.

Douglas Fisher, Howell, Fisher and Branham, Nashville, for appellants.

Tennessee Bar Ass'n, Hal D. Hardin, Gen. Counsel, Nashville, amicus curiae.

Thomas L. Reed, Jr., Reed and Watson, Murfreesboro, for appellees.

## OPINION

COOPER, Justice.

This is a malpractice action against an attorney. The trial judge dismissed the action on motion for summary judgment. The Court of Appeals reversed, finding that the action was filed timely, and that there was a genuine issue of fact concerning the applicable professional standards under the circumstances of this case. We find from the undisputed facts that the attorney did not breach any duty owed the plaintiffs, that the worker's compensation claim that is the basis of the malpractice action was excluded from the employment contract, and that the plaintiff's action should have been dismissed on motion for summary judgment.

The parties agree that the following statement of facts set forth in the opinion of the Court of Appeals is accurate:

The plaintiff, Forrest R. Jamison, worked in Nashville for Ray Murphy, d/b/a Big R Truck Salvage. In February of 1982 Mr. Jamison was in Atlanta,

Georgia working within the course and scope of his employment when he sustained severe and permanent personal injuries in an accident. Shortly after the accident Mr. Jamison was transferred to the Baptist hospital in Nashville. The plaintiff's father J. C. Jamison contacted the defendant Jack Norman, Jr., concerning an action against the persons who caused the accident. Mr. Norman met with the plaintiff in the hospital and agreed to represent him in the personal injury claim. Apparently Mr. Jamison had already been contacted by his worker's compensation carrier, and so he did not seek Mr. Norman's advice on the worker's compensation claim. Mr. Norman did tell Mr. Jamison that, in his opinion, the worker's compensation carrier would be entitled to reimbursement for any of the benefits paid to Mr. Jamison out of any recovery from the defendants in the tort claim. This advice was consistent with Tennessee law.

On September 27, 1982, Mr. Jamison settled his worker's compensation claim with his employer's insurance carrier and this settlement was approved by the circuit court in Davidson County. Mr. Norman was not consulted about the settlement nor was he ever involved with the claim. Mr. Jamison's worker's compensation benefits came to approximately $79,000.

Mr. Norman tried to negotiate a settlement of the personal injury claim on behalf of Mr. Jamison. When it became evident that these efforts would be unfruitful and that it would be necessary to file suit in Georgia, Mr. Norman recommended an attorney in Atlanta for that purpose. On January 14, 1983, he wrote to the Atlanta attorney, who replied on January 19, 1983, and agreed to talk to Mr. Jamison concerning the case. Shortly thereafter Mr. Jamison and father flew to Atlanta and employed the Atlanta attorney to handle the tort claim. Mr. Norman was not involved in the case after that time.

On February 7, 1984, Mr. Jamison was advised by another attorney that he could have made a claim for worker's compensation benefits in Georgia and that Georgia law did not allow the worker's compensation carrier subrogation rights in the personal injury claim. Thus, if this advice was correct, by bringing the worker's compensation claim in Georgia it would not have been necessary to reimburse the worker's compensation carrier for the benefits he had received.

On February 14, 1984, Mr. Jamison filed this action against Mr. Norman, alleging that Mr. Norman had a duty to advise him that he should have filed for his worker's compensation benefits in Georgia; and that Mr. Norman's failure to do so allowed the insurance carrier to demand reimbursement under Tennessee law for the total amount paid to Mr. Jamison in worker's compensation benefits. The complaint thus sought damages in the amount of $79,000.

Mr. Jamison received a verdict of $345,000 plus accrued interest of $43,151.40 in his action against the defendant in the tort claim. As of the date of the hearing below only $50,000 of the amount had been collected and the entire amount had been paid to the worker's compensation carrier.

In a malpractice action against an attorney, a plaintiff has the burden of proving (1) the employment of the attorney, (2) neglect by the attorney of a reasonable duty, and (3) damages resulting from the neglect. *Sammons v. Rotroff,* 653 S.W.2d 740 (Tenn.App.1983). As noted by the Court of Appeals in its opinion, the critical issue in this case is the second requirement, the neglect of a reasonable duty. It is undisputed in the record that Mr. Norman accepted employment to pursue a tort claim against the defendants who caused Mr. Jamison's injuries. At the time of Mr. Norman's employment, Mr. Jamison was receiving weekly payments of benefits under the Workers' Compensation Act. The worker's compensation claim was expressly excluded from the contract of employment, the Jamisons frankly stating that they did not want to pay a fee in the worker's compensation case but would handle the claim themselves. Later, the Jamisons

**410**

filed a joint petition with the insurance carrier of the employer and had the Chancery Court of Davidson County approve the settlement. Mr. Norman was not consulted by the Jamisons either as to the wisdom of filing a worker's compensation action in Tennessee, or as to the terms of the settlement, which was to be expected as the worker's compensation claim was outside the area of Mr. Norman's employment.

Counsel for plaintiff has cited the Court to several cases where a malpractice action has been founded on the failure of the attorney to pursue a claim that was intertwined with the claim that the attorney was employed to pursue and which came, or reasonably should have come, to the attorney's attention during the performance of his employment contract. We have no quarrel with the decisions of the courts in these cases. We do point out, however, that that is not the situation here. Mr. Jamison knew of the worker's compensation claim. He excluded the claim from Mr. Norman's employment contract, electing to handle the claim *pro se.* It would be an anomaly for him to handle the worker's compensation claim, and yet impose a duty on Mr. Norman to advise him how to proceed in the worker's compensation action, or where to file the complaint, or the fairness of the settlement. We see no justice in this position and no legal basis for holding Mr. Norman liable for damages for the actions of the Jamisons.

We hold that under the circumstances of this case the worker's compensation claim was outside the contract of employment between Mr. Jamison and Mr. Norman, and that Mr. Norman had no duty to advise Mr. Jamison with respect to the claim. The judgment of the Court of Appeals is reversed. The judgment of the trial court dismissing the action is affirmed. Costs will be paid by Forrest R. Jamison and his surety.

DROWOTA, C.J., and FONES, HARBISON and O'BRIEN, JJ., concur.