IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 16, 2011

## C.P. (minor) by and through his mother, MARILYN POWELL v. KEVIN SHEPHERD

**Direct Appeal from the Circuit Court for Blount County**
**No. L-16732/L-16733      Jon Kerry Blackwood, Senior Judge**

**No. E2010-00726-COA-R3-CV - Filed March 24, 2011**

This is a consolidated appeal from the grant of Defendants/Appellees' Tenn. R. Civ. P. 12.02(6) motions to dismiss. We are asked on appeal to determine whether each of Plaintiff/Appellant's complaints states a claim upon which relief can be granted. We conclude that they do. Reversed and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Marilyn Powell, Alcoa, Tennessee, Pro Se.

Kevin W. Shepherd, Maryville, Tennessee, Pro Se.

William L. Gribble, II, Maryville, Tennessee, Pro Se.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is a consolidated appeal of two separate final orders, each granting motions to dismiss for failure to state a claim upon which relief can be granted. The record on appeal is scant, as are the relevant facts provided in the record. The Plaintiff, C.P.[2], a minor, by and through his mother, Marilyn Powell, *pro se*, filed separate complaints against attorneys William L. Gribble and Kevin W. Shepherd (together "Defendants" or "Appellees"). Both complaints were filed August 10, 2009, in the Circuit Court for Blount County, and though brought in the name of C.P., were executed by Marilyn Powell in her representative capacity and without the assistance of counsel. The complaints are both styled "COMPLAINT FOR INEFFECTIVE ASSISTANCE OF COUNSELOR AND FRAUD ON THE COURT"; and stem from attorneys Gribble and Shepherd's respective roles in representing C.P. in a juvenile proceeding and subsequent *de novo* appeal to the circuit court.

Defendants Gribble and Shepherd, each acting *pro se* in this matter, filed separate motions to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted. After a hearing on February 19, 2010, the trial court granted both attorneys' motions and dismissed both complaints with prejudice.

Plaintiff timely appealed both orders of dismissal. By order of this Court, entered August 17, 2010, the cases were consolidated for appeal.[3] All parties on appeal are acting *pro se*, and we are asked to determine whether the trial court erred in dismissing the complaints for failure to state a claim upon which relief can be granted.

In ***Young v. Barrow***, 130 S.W.3d 59 (Tenn. Ct. App. 2003), then Judge, now Justice, Koch succinctly described the standards for reviewing claims of *pro se* litigants as follows:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and

---

[2]The Plaintiff's name has been redacted to protect his identity as both complaints allege that he is a minor.

[3]The consolidated trial court case numbers are No. E2010-00726-COA-R3-CV and No. E2010-00727-COA-R3-CV.

unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d at 652. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

*Young v. Barrow*, 130 S.W.3d at 62-63.

With these standards in mind, we turn to Plaintiff's assertion that the trial court erred in dismissing the complaints. It is well settled that a Tenn. R. Civ. P. 12.02(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. *Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). It admits the truth of all relevant and material allegations, but asserts that such allegations do not constitute a cause of action as a matter of law. *See Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). These motions are not favored and are rarely granted in light of the liberal

pleading standards contained in the Tennessee Rules of Civil Procedure. ***Dobbs v. Guenther***, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to an examination of the complaint alone. *See **Wolcotts Fin. Serv., Inc. v. McReynolds***, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. *See **Cornpropst v. Sloan***, 528 S.W.2d 188 (Tenn. 1975). In short, a Tenn. R. Civ. P. 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted, and such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. ***Bell ex rel. Snyder v. Icard***, 986 S.W.2d 550, 554 (Tenn. 1999). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See **Cook ex. rel. Uithoven v. Spinnaker's of Rivergate, Inc.***, 878 S.W.2d 934, 938 (Tenn. 1994). However, we are not required to accept as true factual inferences or conclusions of law. ***Riggs v. Burson***, 941 S.W.2d 44, 47-48 (Tenn. 1997). An appellate court should uphold the grant of a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief. ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Tenn. R. Civ. P. 12.02(6) motions are not designed to correct inartfully drafted pleadings. ***Dobbs v. Guenther***, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). However, a complaint should not be dismissed, no matter how inartfully drafted, if it states a cause of action. ***Id.*** (citing ***Paschall's, Inc. v. Dozier***, 407 S.W.2d 150, 152 (Tenn. 1966); ***Collier v. Slayden Bros. Ltd. Partnership***, 712 S.W.2d 106, 108 (Tenn. Ct. App. 1985)). Nevertheless, while we should not endeavor to create claims where none exist, we must always look to the substance of the pleading rather than its form. ***Dobbs***, 846 S.W.2d at 273 (citing ***Donaldson v. Donaldson***, 557 S.W.2d 60, 62 (Tenn. 1977); ***Usrey v. Lewis*** 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977)).

Both complaints in this case are poorly drafted. The factual allegations are difficult to understand and, at times, rambling and syntactically flawed. However, looking at the substance of the pleadings, we have determined that neither complaint is totally lacking in clarity and that each complaint makes out at least one intelligible claim for relief.

As noted above, both complaints are styled "COMPLAINT FOR INEFFECTIVE ASSISTANCE OF COUNSELOR AND FRAUD ON THE COURT." It is well settled that courts are to give effect to the substance of a pleading or motion rather than its terminology or form. ***Norton v. Everheart***, 895 S.W.2d 317, 319 (Tenn. 1995); ***Bemis Co. v. Hines***, 585 S.W.2d 574, 576 (Tenn. 1979). Thus, although the complaints are captioned as suits for

ineffective assistance of counsel and fraud; these are not necessarily the only claims that can be made out in the body of the complaint. Without determining whether either complaint states a claim for ineffective assistance of counsel or fraud, we have concluded that the substance of each complaint includes the minimum necessary components to make out a *prima facie* claim for legal malpractice.

While we concede that the subject complaints are inartfully drafted, this fact alone does not call for their dismissal, so long as the complaints state a cause of action. *See **Dobbs v. Guenther***, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992); ***Collier v. Slayden Bros. Ltd. Partnerhip***, 712 S.W.2d 106, 108 (Tenn. Ct. App. 1985); *see also* Lawrence A. Pivnick, Tennessee Circuit Court Practice, Vol 1. § 11:3 (2011). A plaintiff in a legal malpractice action has the burden of proving: (1) the employment of the attorney; (2) neglect by the attorney of a reasonable duty; and (3) damages resulting from the neglect. ***Smith v. Goodson***, No. 03A01-9605-CV-00168, 1996 WL 599697, at *2 (Tenn. Ct. App. Oct. 21, 1996) (citing ***Jamison v. Norman***, 771 S.W.2d 408 (Tenn. 1989); ***Sammons v. Rotroff***, 653 S.W.2d 740 (Tenn. Ct. App. 1983)); *see also **Blackmon v. Glaser***, No. 01-A-01-9410-CV00504, 1995 WL 89711, at *2 (Tenn. Ct. App. March 3, 1995).

Turning to the complaint filed against Defendant Gribble, which stems from his representation of C.P. in a juvenile proceeding, the complaint states, that "[o]n March 27, 2009 I hired William Gribble to represent my son [C.P.] and myself. [C.P.'s] charge was violation of probation." Later, the complaint states, verbatim, that "[o]n May 12, 2009 I requested Counsel Gribble to file an appeal, because Judge Denton was bias, he did not. . . . Plaintiff would show that Counsel was ineffective (Legal Malpractice) and committed fraud on the Court." The complaint prays for damages of one-hundred million dollars due to "monitory [sic], physical, emotional and punitive damages" and seeks the immediate release of C.P.

By its plain language, this complaint alleges that Marilyn Powell, on behalf of C.P., hired Defendant Gribble, for representation in Juvenile Court, and was dissatisfied with the results. The complaint further alleges that Ms. Powell requested Defendant Gribble to file an appeal, which he allegedly did not do. The complaint also clearly requests damages based upon the allegations of malpractice. Failure to file an appeal may or may not rise to the level of legal malpractice depending on the facts of a particular case. However, in the context of a Tenn. R. Civ. P. 12.02(6) motion to dismiss, we believe that these allegations meet the minimum standard of a sufficiently plead complaint. *See **Blackmon***, 1995 WL 89711, at *3.

We turn now to the complaint against Defendant Shepherd. This complaint alleges that "[o]n May 29, 2009 I hired Kevin W. Shepherd to file an appeal in Circuit Court for [C.P.] on an Order dated May 5, 2009." The complaint then alleges that Defendant Shepherd

filed an appeal with the Blount County Circuit Court, but later filed a notice of voluntary dismissal of appeal without the consent of C.P. or Marilyn Powell. The complaint prays for damages of seventy-five million dollars due to "monitory [sic], physical, emotional and punitive damages" and seeks the immediate release of C.P. On its face, this complaint, like that filed against Defendant Gribble, not only sufficiently alleges the existence of an employment relationship with the attorney, but also clearly alleges neglect of a reasonable duty by that attorney. This complaint also states a claim for damages resulting from the neglect. From our reading of the complaint, we conclude that it is sufficient to withstand a Tenn. R. Civ. P. 12.02(6) motion to dismiss.

For the reasons discussed above, the judgment of the trial court is reversed and both cases are remanded. Costs of this appeal are assessed one-half to Appellee, William L. Gribble, and one-half to Appellee, Kevin W. Shepherd.

_____
J. STEVEN STAFFORD, JUDGE