# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 24, 2013 Session

## EDWARD JOSEPH WARWICK, SR. v. JENKINS, HABENICHT & WOODS, PLLC, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 10C858      Jon Kerry Blackwood, Senior Judge**

**No. E2012-00514-COA-R3-CV-FILED-APRIL 25, 2013**

Edward Joseph Warwick, Sr. ("Plaintiff") sued Jenkins, Habenicht & Woods, PLLC, Daniel K. Habenicht, and Rebecca S. Woods ("Defendants") alleging legal malpractice, among other things. Defendants filed a motion for summary judgment. After a hearing, the Trial Court granted Defendants summary judgment after finding and holding, *inter alia*, that several of Plaintiff's claims were completely unsupported by expert testimony and that for the remaining three claims Plaintiff had suffered no harm. Plaintiff appeals to this Court raising an issue about whether the Trial Court erred in granting summary judgment and an issue regarding whether the Trial Court erred in granting Rule 11 sanctions against Plaintiff and his counsel. We find that there are genuine disputed issues of material fact as to one of Plaintiff's malpractice claims, a claim relative to a stipulation. We reverse the grant of summary judgment as to this claim. We affirm the grant of summary judgment with regard to Plaintiff's other claims and Defendants' counterclaim for attorney's fees. Because we are unable to determine at this stage whether Plaintiff's complaint completely lacked merit, we vacate the award of Rule 11 sanctions. We also vacate the award of discretionary costs. This case is remanded to the Trial Court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed, in Part; Affirmed, in Part; Vacated, in Part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

James D. R. Roberts, Jr. and Janet L. Layman, Nashville, Tennessee, for the appellant, Edward Joseph Warwick, Sr.

David L. Johnson, Nashville, Tennessee, for the appellees, Jenkins, Habenicht & Woods, PLLC, Daniel K. Habenicht, and Rebecca S. Woods.

## OPINION

## Background

This case arose out of the extremely contentious divorce between Plaintiff and Katherine Dodge Gribben Warwick ("Wife"). Plaintiff and Wife were divorced in December of 2008. Defendants were retained by Plaintiff to represent him post-divorce. Defendants were the third set of attorneys hired by Plaintiff to represent him in this divorce and its aftermath. Plaintiff became dissatisfied with Defendants' work and filed this action in July of 2010 alleging legal malpractice, among other things.

Defendants filed a motion for summary judgment[1] supported by expert affidavits alleging, in part, that Defendants had not deviated from the standard of care in their representation of Plaintiff. Plaintiff opposed the motion for summary judgment producing[2], in part, the deposition testimony of his expert[3], attorney Connie Lynn Reguli, and Plaintiff's affidavit.

One of Plaintiff's allegations was that Defendants deviated from the standard of care in failing to seek Judge Hollingsworth's recusal. Prior to the divorce trial, Plaintiff, represented by former counsel at that time, made an oral motion requesting that Judge Hollingsworth recuse himself from the case. Judge Hollingsworth took the motion under advisement. The divorce trial proceeded before Judge Hollingsworth. Neither Plaintiff nor his then counsel re-visited the motion for recusal prior to trial. Plaintiff did not appeal this issue in the divorce action.

---

[1] A number of exhibits in the record on appeal were sealed in the Trial Court. We have reviewed the sealed records and find no sensitive information pertaining to minors, financial matters, or any other matter that would justify sealing these records. In order to maintain public confidence in our judicial system it is important that litigation remain open and accessible to the public absent a valid reason for keeping information from the public eye. We caution trial courts not to seal records simply because a party requests this be done.

[2] We have carefully and thoroughly reviewed the record on appeal and concur with the Trial Court's assessment that Plaintiff failed to produce any expert proof to counter Defendants' expert proof with regard to several of the alleged deviations from the standard of care. We will not discuss in detail in this Opinion those alleged deviations, but instead confine our discussion to the allegations for which Plaintiff did produce expert proof.

[3] Although Plaintiff is an attorney, Plaintiff clearly stated during his deposition: "Once again, you're asking me to give legal opinions. And, I mean, we're going to have an expert that's going to explain all that.… I don't feel like I want to get into the role of being an expert in this case."

Post-divorce, Plaintiff and Wife both filed motions for modification of the parenting plan. Plaintiff requested that Defendants, who were representing Plaintiff by that time, file a motion to recuse. Defendants instead filed a motion for a judge pro tem[4], which Judge Hollingsworth denied by order entered March 24, 2010. The March 24, 2010 order stated, in pertinent part: "If [Plaintiff] returns to the practice of law, this Court will recuse itself from any case in which he is acting as an attorney. The automatic recusal will cease upon the majority of the parties' youngest child." Around this same time, Plaintiff re-activated his law license, filed a notice of appearance in his case, and filed a motion for recusal supported by an affidavit of Plaintiff, which made allegations concerning a case Judge Hollingsworth was involved in as an attorney prior to becoming a judge. Judge Hollingsworth filed a complaint against Plaintiff with the Board of Professional Responsibility asserting that Plaintiff had lied in his affidavit. Judge Hollingsworth then recused himself from Plaintiff's case.

During her deposition, Ms. Reguli opined that Defendants deviated from the standard of care in not filing a motion seeking Judge Hollingsworth's recusal. She stated:

> Well, they filed a couple issues, several issues. One of them is they filed on what they called as a Motion to appoint a Judge Pro Tem, which as I have already stated in here, there is no legal basis for that. There is no supporting rule in the Rules of Civil Procedure, no supporting case law. They did it without setting forth the, the factual basis upon which they were doing it, even though they weren't doing it the right way. They didn't even put forth the factual basis for which they would even ask for that in the first place; which meant that not only could the judge just deny it because there is no such a thing, that the judge could also deny it based upon the fact that there was no basis set forth and, therefore, there would be no record in which the Plaintiff Mr. Warwick could even seek alternative relief.

Ms. Reguli stated that she was aware that prior to the divorce trial Plaintiff made an oral motion for recusal based upon a case Judge Hollingsworth was involved in before he became a judge, and also was aware that the divorce trial proceeded before Judge Hollingsworth. Ms. Reguli testified that it was her understanding that Plaintiff did not raise as an issue in the appeal of the divorce trial Judge Hollingsworth's refusal to recuse.

---

[4]See Rule 10, Canon 5 of the Rules of the Supreme Court, which states: "A pro tempore judge is a judge who serves or expects to serve once or only sporadically on a part-time basis under a separate appointment for each period of service or for each case heard." R. Sup. Ct. 10 (2009). This Rule was in effect at the time Defendants filed the motion for judge pro tem. Rule 10 was amended effective July 1, 2012, but still contains language supporting the appropriateness of the appointment of a judge pro tem.

Ms. Reguli agreed that recusal is a discretionary decision, but stated:

> I believe [Plaintiff] had a legal right, based upon the information in his past experience with Judge Hollingsworth, to have that legal right of requesting a recusal for a fair and impartial tribunal to be protected and preserved and properly requested, and it was not.... [Mr. Habenicht] didn't properly present it for adjudication, first of all. I have already talked about that. He didn't file a proper motion. He didn't file it with proper factual support. And then - - and which meant that those rights were not preserved, yes.

With regard to Judge Hollingsworth's action in recusing himself in another case stemming from this divorce and involving Plaintiff, Ms. Reguli stated:

> I have already stated that, that [Mr. Habernich] had knowledge, as [Plaintiff's] counsel, he had knowledge that Judge Hollingsworth had made a finding that he needed to recuse himself, which meant that there was some basis for him to believe that he was not a fair and impartial tribunal. And so Mr. Habenicht had a duty to make sure that that was presented in the case at bar in which he was representing him.

When asked what damage occurred as a result of Judge Hollingsworth's participation in the proceedings between the time that Defendants filed the motion for judge pro tem and the time that Plaintiff filed the motion to recuse that led to Judge Hollingsworth recusing, Ms. Reguli stated:

> Okay, as I have already stated, one of them was his rights weren't protected in a timely manner, and the damage was done partly by filing an improper motion, which you have already alluded to could have embarrassed the judge. If the attitude was, going into this case, that filing this wouldn't embarrass the judge, that's a problem, so that's a damage.... That if the attitude in filing the Motion Pro Tem was that it was done this way to keep from embarrassing the judge, that was damage to [Plaintiff's] case, too, but the fact that it wasn't done properly and in a timely manner is damage to his case.... And then [Plaintiff] was compelled to have to file it himself when he still had an attorney, which I'm sure was prejudicial to his case as well.

Ms. Reguli admitted that there were no rulings between March 24, 2010, when the order denying the motion for judge pro tem was entered, and the time Judge Hollingsworth recused himself that harmed Plaintiff. She further agreed when asked that there is no harm other than what she stated above with regard to Defendants' actions on the issue of recusal. Ms. Reguli

was asked about the allegations with regard to Mr. Habenicht's failure to ask for findings of fact and conclusions of law on the issue of recusal, and she stated: "He didn't do it and he was his attorney, so, yes, that's harm." When asked, Ms. Reguli agreed that this was all the harm she could testify to, *i.e.*, that he didn't do it, and stated: "He had a duty to do that."

Plaintiff also alleged that Defendants deviated from the standard of care when they filed a motion for discovery sanctions that improperly cited Tenn. R. Civ. P. 11 rather than Tenn. R. Civ. P. 37. The motion for sanctions was heard after Defendants had been granted leave to withdraw from representing Plaintiff, and was denied. With regard to this alleged deviation for citing the wrong rule in the motion, Ms. Reguli testified:

> Okay, Rule 11 is pretty specific as to what you are required to do procedurally as well as what the reason for it is, and it talks particularly about whether or not something is frivolous, whether some frivolous action has been taken or proffered by an attorney. You are to prepare it, provide it to opposing counsel, give them notice that it will be filed in 21 days if not rectified, and you are not to file it with the court until that 21 days has lapsed. It is not a discovery motion.

> Rule 37 is a discovery motion for sanctions which has some pretty specific remedies in there, which can be even striking the other person's pleadings, and does not require that it be held for 21 days as the Rule 11 does.

She further stated: "there is certain specific relief that is made available under 37 that you have to plead for, so none of that was done." When asked, Ms. Reguli admitted that Rule 37 does not state that you have to plead for specific relief.

Ms. Reguli was asked what should have been done after the mistake of citing the wrong rule was realized, and she stated:

> Um, the first problem is it was filed, there was a breach of the standard of care when it was filed, and it should have immediately been withdrawn and properly filed. So when realized, I don't know when it was, quote, unquote, realized.... Well, it was the attorney - - yes, the attorney was below the standard of care when they filed a Rule 11 Motion on a discovery issue.

Ms. Reguli opined that: "it would be a deviation from the standard of care to put the wrong legal authority within a motion, whether it's the rule or whether it's the authority or the relief, so yes.... But whether or not there was any harm caused could be different." When asked if it always was a deviation from the standard of care to seek

sanctions under a Rule 11 motion without first submitting a retraction of the motion, she stated: "I think that's pretty clear, yes.... That's pretty black and white."

Ms. Reguli testified that "[t]he error that occurred could not be corrected by some subsequent action.... Because the error that occurred was when the Rule 11 Motion was prepared and filed that was, um, not a Rule 11 Motion." She stated: "I am saying that the injury occurred in May of 2011 when this motion was filed, and that anything that, any delay or additional expense or anything that occurred when this was improperly done was the harm that was caused to [Plaintiff]."

Ms. Reguli was asked how the failure to cite the correct rule harmed Plaintiff, and she stated: "Well, obviously there was a delay, so, again, the delay, the inconvenience, the extra expense, having to take any subsequent action, are all harm." When asked, Ms. Reguli admitted: "I am familiar with cases in which the title to the pleading does not dictate the substance of it, um, and actually have a published case on that. However, the relief requested would supersede that."

Plaintiff further alleged that Defendants deviated from the standard of care by entering into a discovery stipulation regarding certain text messages sent by him. Plaintiff alleged that Defendants were not representing him in a separate matter concerning the recovery of a cell phone of his, that Defendants did not have authority to enter into the stipulation, and that the stipulation itself while correct in the information it does contain fails to contain the entire substance of the text exchange and, thus, fails to give relevant context to the exchange.

During his deposition, Plaintiff testified that he has been damaged by the stipulation and stated: "Judge Perry [who will be hearing the case on the petitions to modify custody] has commented on it numerous times. And I would venture to say that in divorce and custody issues[5] a lot of it has to do with the subtleties." He further stated:

> I don't deny sending them. I deny sending them to my son, but that's - - that's why you have an adversarial system. Okay. I mean, obviously there was enough to indict me for the violation of an order of protection, but when you have a trial, there wasn't enough to convict me. And what you have here is one side that's becoming part of the court record. It was unnecessary. It was absolutely wrong.

---

[5]At the time of the hearing on the motion for summary judgment, the case involving the petitions to modify custody had not been heard.

When asked if he could have filed an affidavit to explain his side, Plaintiff stated: "I wouldn't have to file an affidavit if the stipulation had never been entered into.… [At the hearing] I will have a full and fair opportunity to do something that I absolutely should not have to be wasting any time on that will have already put me in unfavorable light in front of the ultimate finder of fact." Plaintiff testified that Defendants did not try to contact him prior to entering into the stipulation.

Ms. Reguli testified that it is a deviation to enter into a discovery stipulation without first consulting with the client. She stated that the stipulation was detrimental: "Because they were admissions of something that the client had purportedly done which were adverse to his interest in the cases that were pending, the modifications that were pending." She further stated:

> Well, the first problem you have is that paragraph number two of the stipulation says, "When Plaintiff Katherine G. Warwick looked at the phone on occasion, it was determined that several things appeared on the phone."
>
> Now, Mr. Habenicht nor Ms. Woods would have no personal knowledge as to whether or not Katherine Warwick had looked on a phone - - on the phone and found things. So they were admitting to something of which not only their client would not have personal knowledge, but they would not have personal knowledge.
>
> So it's not a matter so much as to whether or not it's true. It's a matter as to whether or not the attorney has the authority to basically submit a, an admission to the court on their own signature without consulting their client.

Ms. Reguli testified:

> The problem with Mr. Habenicht's conduct was his entering into a stipulation basically admitting to facts in the case of which he did not have personal knowledge and without the consent of his client. It is basically the same thing as if an attorney were responding to a request for admission under the Rules of Civil Procedure.

When asked, Ms. Reguli agreed that the stipulation was signed by Ms. Woods not Mr. Habenicht.

Ms. Reguli was asked how Plaintiff was harmed by the stipulation, and she stated:

Again, a client has legal rights. The client's legal right was prejudiced when this was submitted to the court and there had not been an opportunity, there had not been a due process opportunity to review, to cross-examine anybody about it or get any basis for it. So this was basically a request for admission signed by an attorney and presented to the court, so the client's legal right to have a full adjudicatory hearing was prejudiced by the filing of that.… Because there are admissions that became part of the court record without a, a full adjudication or right to cross-examine and without knowledge of the client. That is a legal right. You have a legal right to have your case fully adjudicated. This was filed without knowledge to the client.… Well, when this was filed, it was a, it was a, it was a - - when this was filed on April the 26th in 2010, his case had not been adjudicated. He had not had the opportunity for a full adjudication. There could have been several things that affect that. There could be what was going on at the time. But this was a request for admission that was submitted by counsel without a full due process adjudication on the claims that were in the petitions by his attorney, and not by the client.

Ms. Reguli admitted that the information in the stipulation could have been admitted into evidence through another means. When asked if anything prevented Plaintiff from explaining the context of the stipulation, Ms. Reguli stated: "After this, has anything prevented him after this, um, he might have had the opportunity to present it after this. The problem was, is when it happened. The loss of the legal right was when it happened, when it happened, that's the loss of the legal right, right there." Ms. Reguli testified that she could not identify any harm to Plaintiff other than what she had just testified.

After a hearing, the Trial Court entered its order on February 13, 2012 granting Defendants summary judgment after finding and holding, *inter alia*, that no expert evidence had been presented of a deviation of the standard of care or of damages with regard to the allegations regarding Defendants' alleged failure to call witnesses during a hearing on an order of protection; Defendants' alleged failure to appeal an order of protection; Defendants' alleged failure to contact Wife's attorney to determine Wife's intentions after Plaintiff violated the order of protection; and Defendants' alleged failure to pursue contempt proceedings against Wife for alleged violations of the parenting plan. The February 13, 2012 order further found and held that although Plaintiff had produced expert evidence of a deviation from the standard of care with regard to the allegations of Defendants' filing of a motion for discovery sanctions pursuant to Tenn. R. Civ. P. 11 rather than pursuant to Tenn. R. Civ. P. 37; Defendants' entry into a stipulation regarding text messages; and Defendants' alleged failure to seek the recusal of Judge Hollingsworth, that Plaintiff had suffered no harm from these alleged deviations. The February 13, 2012 order granted Defendants summary

judgment with regard to Plaintiff's claims and further granted Defendants summary judgment with regard to Defendants' counterclaim for legal fees. With regard to the counterclaim, the Trial Court specifically found and held:

> The Defendants' [sic] filed a counterclaim against the Plaintiff for legal fees with supporting affidavits. Plaintiff's response for his failure to pay is a reiteration of his complaints against Defendants for the manner in which they represented him. The Court finds no genuine material facts and awards summary judgment on the counterclaim to Defendants.

The Trial Court entered Judgment on February 29, 2012, *inter alia*, awarding Defendants judgment against Plaintiff in the amount of $7,294.70 for legal fees.

After being granted summary judgment Defendants filed a motion for sanctions pursuant to Tenn. R. Civ. P. 11 and a motion for discretionary costs. After a hearing on the motion for sanctions the Trial Court entered its order on April 23, 2012 finding and holding, *inter alia*, that an award of sanctions pursuant to Tenn. R. Civ. P. 11 was warranted in an amount of $30,000 against Plaintiff and $3,000 against Plaintiff's counsel. The Trial Court also heard the motion for discretionary costs and entered its order on April 26, 2012 awarding Defendants discretionary costs against Plaintiff in the amount of $3,432.10. Plaintiff appeals to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises two issue on appeal: 1) whether the Trial Court erred in granting Defendants summary judgment; and, 2) whether the Trial Court erred in granting Tenn. R. Civ. P. 11 sanctions against Plaintiff and his counsel.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

"It is well settled that a plaintiff in a legal malpractice action has the burden of proving: (1) the employment of the attorney; (2) neglect by the attorney of a reasonable duty; and (3) damages resulting from the neglect." *PNC Multifamily Capital Institutional Fund XXVI Limited Partnership v. Bluff City Community Development Corporation*, 387 S.W.3d 525, 543 (Tenn. Ct. App. 2012) (citing *Jamison v. Norman*, 771 S.W.2d 408 (Tenn.1989); *Sammons v. Rotroff*, 653 S.W.2d 740 (Tenn. Ct. App. 1983)). In a legal malpractice action, expert testimony is required to establish negligence and proximate cause

unless the alleged malpractice is within the common knowledge of laymen. *Rose v. Welch*, 115 S.W.3d 478, 484 (Tenn. Ct. App. 2003).

We first consider whether the Trial Court erred in granting Defendants summary judgment. A careful and thorough review of the record on appeal reveals that no expert evidence was presented by Plaintiff to counter Defendants' experts' opinions as to any deviation of the standard of care or of damages with regard to the allegations regarding Defendants' alleged failure to call witnesses during a hearing on an order of protection; Defendants' alleged failure to appeal an order of protection; Defendants' alleged failure to contact Wife's attorney to determine Wife's intentions after Plaintiff violated the order of protection; and Defendants' alleged failure to pursue contempt proceedings against Wife for alleged violations of the parenting plan. As such, summary judgment was proper on these claims, and we affirm the Trial Court's grant of summary judgment as to these claims.

As for Plaintiff's allegations with regard to seeking the recusal of Judge Hollingsworth, Plaintiff did produce expert proof that this was a deviation of the standard of care. The record, however, reveals no genuine issue as to damages with regard to this alleged deviation. Plaintiff waived the issue of recusal with regard to the divorce trial by not revisiting his oral motion prior to trial, allowing the case to be tried before Judge Hollingsworth, and not appealing that issue in the divorce matter. Judge Hollingsworth did recuse himself post-trial and neither Plaintiff nor his expert could point to any adverse rulings made by Judge Hollingsworth between the time of the denial of the motion for judge pro tem and the time that Judge Hollingsworth recused himself, or any other damage. We note that Plaintiff's expert in her testimony seems to equate a breach of duty with damages. Often, Plaintiff's expert testified, in effect, that the breach itself was the damage. That is not the law as a breach of duty and resulting damages are two of the three separate elements required for a successful legal malpractice claim. There are no genuine issues of material fact and Defendants have shown that Plaintiff cannot prove an element of this claim, i.e., damages. As such, summary judgment was proper on this claimed act of malpractice.

With regard to Plaintiff's allegation that Defendants deviated from the standard of care when they filed a motion for discovery sanctions citing Tenn. R. Civ. P. 11 rather than Tenn. R. Civ. P. 37, Plaintiff did produce expert proof that Defendants deviated from the standard of care relative to this issue. Again, however, Plaintiff could show no damages as a result of this alleged deviation. The Trial Court stated in its February 13, 2012 order that "Judge Perry conducted a hearing on this matter and dismissed the motion for sanctions. It is clear that Judge Perry's dismissal was not based upon the failure to file the motion under Rule 37. Consequently, Plaintiff has suffered no harm." The record on appeal contains an order entered by Judge Perry on April 6, 2011 denying a motion for sanctions filed by

Plaintiff against Wife after finding: "The [Wife] have [sic] now responded, …." It appears that this is the order to which the Trial Court referred in its February 13, 2012 order.[6]

There are no genuine issues of material fact and, as the motion for discovery sanctions was denied upon grounds other than the alleged failure to cite the correct rule, Defendants have shown that Plaintiff cannot prove an element of his claim, i.e., damages. Given this, the grant of summary judgment was proper on this claim.

This brings us to the issue of Plaintiff's allegations with regard to the stipulation. Plaintiff produced expert proof that Defendants' actions with regard to this issue deviated from the standard of care. Furthermore, Plaintiff has shown that there are genuine disputed issues of material fact as to whether Defendants consulted with Plaintiff about entering into the stipulation and whether Defendants had the authority to enter into the stipulation. Plaintiff also has shown that there are genuine disputed issues of material fact as to whether Plaintiff was harmed by the stipulation. The record reveals that the stipulation does not contain the entire substance of the text message exchange, which Plaintiff asserts would give relevance to the information contained within the stipulation. We do not mean to suggest that Plaintiff will, or will not, prevail on this issue at trial, but we recognize only that there are genuine disputes of material fact with regard to this claim, including damages, that preclude a grant of summary judgment. As summary judgment on this one claimed act of malpractice was not proper, we reverse the grant of summary judgment on this claim.

With regard to Defendants' counterclaim for attorney's fees, the record reveals no genuine issue of disputed fact, and Defendants are entitled to judgment as a matter of law. Our reversal of the Trial Court's grant of summary judgment as to the one claimed act of malpractice does not require reversal of the Trial Court's decision on the counterclaim. We, therefore, affirm the grant of summary judgment on this claim.

As we have reversed the grant of summary judgment with regard to Plaintiff's malpractice claim regarding the stipulation, we are unable to hold at this time that Plaintiff's complaint completely lacked merit. As such, we vacate the grant of Rule 11 sanctions. This issue may be revisited at a later time by the parties and the Trial Court, if necessary.

---

[6]We are unable to definitively determine if this April 6, 2011 order is the order in question as Plaintiff's brief on appeal fails to cite us to where in the record we may find this order and Defendants' brief states that the order in question denied the motion in February of 2011. Furthermore, although Defendants' brief provides citations to the record, these citations are confusing at best. The record shows that there have been multiple motions for sanctions filed in the numerous cases stemming from the divorce. Although it is possible that the April 6, 2011 order stems from another motion for sanctions, it is not critical to our analysis as the Trial Court specifically found that the dismissal was not based on the failure to file the motion under Rule 37 and the record is devoid of anything to the contrary.

Discretionary costs typically are awarded to the prevailing party. As we have reversed the grant of summary judgment with regard to Plaintiff's one claim relative to the stipulation, it is premature to consider Defendants the prevailing party. As such, we vacate the grant of discretionary costs. This issue may be revisited at a later time by the parties and the Trial Court, if necessary.

## **Conclusion**

The judgment of the Trial Court is reversed as to the grant of summary judgment on Plaintiff's one claim regarding the stipulation. The judgment of the Trial Court is affirmed as to the grant of summary judgment on Plaintiff's remaining claims and on Defendants' counterclaim. The judgment of the Trial Court is vacated as to the Tenn. R. Civ. P. Rule 11 sanctions against Plaintiff and his counsel and as to the discretionary costs. This cause is remanded to the Trial Court for further proceedings consistent with this Opinion. The costs on appeal are assessed one-half against the appellant, Edward Joseph Warwick, Sr., and his surety; and one-half against the appellees, Jenkins, Habenicht & Woods, PLLC, Daniel K. Habenicht, and Rebecca S. Woods.

_____
D. MICHAEL SWINEY, JUDGE